# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL ACTION 11-00168-KD |
| | ) |
| OSCAR ROCHA RAMIREZ, | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the United States' Motion To Postpone Trial (Doc. 22). Upon consideration, and for the reasons stated herein, the motion is **DENIED**.

The Government argues that good cause for a postponement exists because a hearing on the Defendant's pending motion to suppress (Doc. 18) will not be held until September 7, 2011, nine days after jury selection is scheduled to occur. The Government suggests that, if jury selection precedes an adverse ruling on the suppression motion, the Government will lose its right to appeal that decision because 18 U.S.C. § 3731 authorizes the United States to appeal only those orders suppressing or excluding evidence "not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information." In support of its position, the Government cites to that portion of United States v. Taylor, 792 F.2d 1019 (11th Cir. 1986), which holds that "[o]nce a jury has been sworn and jeopardy attaches, the government loses its right to appeal an adverse ruling on suppression." Id. at 1025.

The Government's argument fails because jeopardy will not have attached — and the government will not have waived, forfeited or lost any rights to appeal — once a jury is selected. "[J]eopardy attaches when a jury is empaneled and sworn." Serfass v. United States, 420 U.S. 377, 388 (1975) (emphasis added). Acknowledging that the selection of a jury is a necessary,

but not sufficient, condition for jeopardy to attach, the old Fifth Circuit held that jeopardy had not attached where a selected jury was discharged before its members were sworn. United States v. Gates, 557 F.2d 1086, 1088-89 (5th Cir. 1977).[1]  Several other Circuits have also held that jeopardy does not attach before the swearing of the petit jury that will try the case. See, e.g., United States v. Lindsey, 389 F.3d 1334 (10th Cir. 2004) ("Because the jury was not sworn, jeopardy did not attach."); United States v. Osteen, 254 F.3d 521, 526 (4th Cir. 2001) ("a defendant is not placed in jeopardy when the jury is empaneled; rather, jeopardy does not attach until the moment the jury is sworn"); United States v. Centracchio, 236 F.3d 812, 813-14 (7th Cir. 2001) ("the concern about double jeopardy . . . is not engaged" where a jury is "merely empanel[ed]" but not sworn); United States v. Wedalowski, 572 F.2d 69, 74 (2d Cir. 1978) ("The precedents are virtually unanimous in holding that jeopardy attaches when the jury is sworn, not when it is selected. . . . The word 'sworn' refers, of course, to the trial jury oath and not to the voir dire oath."). These decisions are all consistent with Taylor's holding that jeopardy attaches "[o]nce a jury has been sworn." Taylor, 792 F.2d at 1025.

Because the Court will rule on defendant's suppression motion in advance of trial and the swearing of the jury, the Government will not be prejudiced if jury selection proceeds as scheduled. Accordingly, the Government has failed to state good grounds in support of its Motion to Postpone Trial, and the motion is **DENIED**.

**DONE** and **ORDERED** this the **26th** day of **August 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1]  Decisions of the former Fifth Circuit rendered prior to October 1, 1981 are binding precedent on the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).